IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERRY L. BERRY,  :
    Plaintiff  :
      :
v.  :    Civil No. AMD 09-426
      :
COOK MOTOR CARS, LTD.,  :
    Defendant  :

...o0o...

ORDER

On May 19, 2009, this court granted in part the motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) by defendant, Cook Motorcars, Ltd., and dismissed with prejudice the sole federal claim alleged in this action, namely, a claim under the Credit Repair Organization Act, 15 U.S.C. §1679, et seq. ("CROA"). The court dismissed the state law claims without prejudice for lack of jurisdiction. Plaintiff Sherry L. Berry has filed a motion for reconsideration. *See* Fed.R.Civ.P. 59(e).[*] After a careful review of record, the court denies the motion for reconsideration.

As her federal claim, plaintiff alleged that the defendant, a car dealership, violated CROA thorugh its practice of hiding the amount of "negative equity" in its customers' trade-ins. In other words, she alleged that in the paperwork completed for a vehicle purchase,

---

[*]A motion for reconsideration may be granted under three circumstances: (1)intervening change in controlling law, (2)to account for new evidence or (3)to correct a clear error of law or prevent manifest injustice. *Bogart v. Chappel*, 396 F.3d 548, 555 (4th Cir. 2005); *Pacific Ins. Co. v. American Nat. Fire Ins. Co,* 148 F.3d 396, 403(4th Cir. 1998); *Hutchinson v. Staton*, 994 F. 2d 1076, 1081, (4th Cir. 1993). "[M]ere disagreement does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co*, 205 F.3d 284, 290 (4th Cir. 2002), *citing Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir.1993). Rule 59(e) can not be used as a way to relitigate issues that were or could have been presented before judgment. *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n.5 (2008).

defendant would show a trade-in allowance that was at least equal to the outstanding loan balance on the car traded in, thereby creating the impression that the purchaser had entirely shedded the prior car-loan debt. In fact, however, the actual value of the trade-in was lower than the amount still owed on the prior car loan; defendant would simply add the overage shown as trade-in value to the price of the replacement vehicle being purchased. This practice allegedly induced financing companies to approve car loans they would normally deny. As a further consequence, plaintiff and similarly-situated consumers paid increased taxes on the vehicles purchased and they were put into credit arrangements that were beyond their means.

Plaintiff contends that the court erred in dismissing the CROA claim in its summary letter order filed on May 19, 2009. Although the court appreciates plaintiff's generosity in offering this opportunity to correct the alleged error (even if the court does not find the language appropriate), the court disagrees with the suggestion that there was error.

Plaintiff did not and does not contend that defendant is a credit repair organization ("CRO"). Rather, she argues that CROA should be read to cover defendant because the statute's prohibition of untrue and misleading statements directs that "no person" may make such a statement under the identified circumstances. The statute provides as follows, in part:

> (a) In general
> *No person* may--
> (1) make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the *credit repair organization, officer, employee, agent, or other person* to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to--

>      (A) any consumer reporting agency (as defined in section 1681a(f) of this title); or
>      (B) any person--
>      (i) who has extended credit to the consumer; or
>      (ii) to whom the consumer has applied or is applying for an extension of credit.

15 U.S.C. §1679b(a)(1) (emphases added). Plaintiff says "any person" should be read literally to include, as relevant here, any merchant who prepares paperwork antecedent to the submission of a consumer financing application, such as a car dealer.

It is clear, however, as I earlier concluded, in the better-reasoned cases, that the statute's use of the term "no person" is to be understood to refer to persons acting on behalf of or in conjunction with a credit repair organization, as the parenthetical in section (a)(1) quoted above makes clear. *Lopez v. ML#3, LLC,* 607 F.Supp.2d 1310 (N.D.Fla. 2009)(dismissing CROA claim asserted against automobile dealership); *In re Wright*, 2007 WL 1459475 (Bankr.N.D.Ala. May 16, 2007).

Plaintiff points to cases from the Northern District of Illinois to support her position. Some judges in that district indeed lined up behind an expansive interpretation accorded CROA in one of the early cases, *Vance v. National Benefit Association*, 1999 WL 731764 (N.D.Il. Aug. 30, 1999). However, the court in *In re Wright*, *supra*, exhaustively and persuasively explains why *Vance* is not as expansive as some later cases seemed to suggest, and, in any event, is short on persuasive analysis. This court agrees with the analysis in *In re Wright*.

Plaintiff also points to cases in which credit-related organizations such as ostensible non-profit Consumer Counseling Agencies have been deemed amenable to suit under

CROA. *See Zimmerman v. Cambridge Credit Counseling Corp.,* 529 F.Supp.2d 254 (D. Mass. 2008*); Polacsek v. Debticated Consumer Counseling, Inc*., 413 F.Supp.2d 539 (D. Md.2005). Again, however, *In re Wright* fully explains why these cases are entirely consistent with the view adopted here, namely, that where a person or entity acts in concert with or substantially in support of the services offered by a CRO, or such person or entity engages in substantially similar activities as a CRO (despite calling itself something else), then the statute will apply. The allegations in the complaint here do not satisfy this standard. *See In re Wright*, 2007 WL 1459475 at *10 ("According to the court's opinion in *Polacsek*, the activities of an organization, not what it calls itself, determines whether it will be held to be a credit repair organization under CROA."). A car dealership, whose primary purpose is to sell and lease cars, is simply not a CRO and is not sufficiently "CRO-like" under this line of cases such that plaintiff has stated a *plausible* CROA claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Finally, plaintiff notes that defendant ran multiple advertisements, including one attached to the complaint which stated, "Don't let your credit history stand in the way of you buying a car. We have helped thousands of people reestablish their credit while driving a new or late model vehicle." Although the advertisement mentions "reestablish[ing] credit," it does not reasonably support plaintiff's assertion that the defendant held itself out as a CRO. While exaggerated, this advertisement suggests that regardless of credit, the defendant will help a customer buy a car, not repair her credit, erase old debts, or anything of the sort. No reasonable person would interpret the advisement to mean that the defendant was

offering to sell credit repair services or, for a fee, address a potential car-buying customer's preexisting credit problems. *See Sannes v. Jeff Wyler Chevrolet, Inc.*, 1999 WL 33313134 (S.D.Ohio March 31, 1999); *Henry v. Westchester Foreign Autos, Inc.*, 522 F. Supp 2d 610 (S.D.N.Y. 2007).

For the reasons stated above, it is this 29th day of June, 2009, by the United States District Court for the District of Maryland, ORDERED

The motion for reconsideration is DENIED.

/s/
ANDRE M. DAVIS
United States District Judge